MEDIMMUNE, INC., Plaintiff–
Appellant,

v.

GENENTECH, INC., Defendant–
Appellee,

and

City of Hope, Defendant–Appellee,

and

Celltech R & D, Ltd., Defendant–
Appellee.

No. 04–1300, 04–1384.

United States Court of Appeals,
Federal Circuit.

March 7, 2007.

Before NEWMAN and MAYER, Circuit Judges, and CLEVENGER, Senior Circuit Judge.

ON MOTION

PER CURIAM.

*ORDER*

In *MedImmune, Inc. v. Genentech, Inc.,* —— U.S. ——, 127 S.Ct. 764, 166 L.Ed.2d 604 (2007), the Supreme Court reversed this court's decision, reported at 427 F.3d 958 (Fed.Cir.2005), and remanded with instructions that the lower court consider the issues flowing from the Court's decision that Medimmune "was not required, insofar as Article III is concerned, to break or terminate its 1997 license agreement before seeking a declaratory judgment in federal court that the underlying patent is invalid, unenforceable, or not infringed." The Court "express[ed] no opinion on ... the applicability of licensee estoppel under [the] circumstances" of the case at bar, *id.* at 769–70, and declined to affirm the dismissal of the declaratory judgment claims on discretionary grounds, the Court "leav[ing] the equitable, prudential, and policy arguments in favor of such a discretionary dismissal for the lower courts' consideration on remand." *Id.* at 777. The Court similarly left for consideration on remand any merits-based arguments for denial of declaratory relief in this case.

Genentech now moves for briefing and argument before this court, pointing to the potentially far-reaching impact of the Court's decision and the advantages of expeditious elaboration of the law and policy of patent licensing. We agree that the Court recognized that various issues may require further development. However, as Genentech recognizes in its motion, the Court's remand order is not amenable to determination upon the available record. The issues of law, equity, and policy, and their application to these parties, also require development of the relevant facts, and are not appropriately resolved in the first instance by an appellate tribunal. The Court so recognized, stating that "facts bearing on the usefulness of the declaratory judgment remedy, and the fitness of the case for resolution, are peculiarly within the [district courts'] grasp." 127 S.Ct. at 776, quoting *Wilton v. Seven Falls Co.,* 515 U.S. 277, 289, 115 S.Ct. 2137, 132 L.Ed.2d 214 (1995).

Accordingly,

IT IS ORDERED THAT:

(1) The mandate issued on November 8, 2005, is hereby recalled and these appeals are reinstated.

(2) The motion is denied.

(3) We remand to the district court for further proceedings consistent with the Court's opinion.